### STATE OF MAINE *vs.* ALANSON M. PHILLIPS.

Hancock. Opinion November 22, 1887.

*Election of assessors by board of aldermen.*     *Quo warranto.*

After an assessor has been elected by a board of aldermen, and the ballot declared and recorded the board cannot at an adjourned session, held the

next day, reconsider the election of such assessor and elect another person to that office.

ON exceptions.

An information of the attorney general in the nature of *quo warranto.* The facts are sufficiently stated in the opinion.

*A. P. Wiswell,* for the state, upon the question considered in the opinion, cited : City charter of Ellsworth, § 4 ; R. S., c. 3, § § 12, 13 ; *Mussey* v. *White,* 3 Maine, 290 ; Dillon, Mun. Corp. § § 288, 254-256 ; *Putnam* v. *Langley,* 133 Mass. 204 ; *Baker* v. *Cushman,* 127 Mass. 105.

*John B. Redman,* for the defendant.

LIBBEY, J.    At a meeting of the aldermen of the city of Ellsworth, held on the 15th of March, 1887, for the purpose of electing city officers, a ballot was taken for second assessor of taxes ; and Albert G. Blaisdell, was declared elected and his election was entered of record.   The meeting then took a recess till the next day, March 16, when, on motion therefor it was voted to reconsider the election of second assessor, and a new ballot was taken, and the respondent was declared elected. Blaisdell took the necessary oath of office on the first day of April, 1887.

On the foregoing facts the court held that Blaisdell was duly elected, and that the election of Phillips, the respondent, was void, and ordered judgment of ouster against him.   To which rulings exception was taken.

We think the rulings of the court below correct. The election of assessors was required to be by ballot.   While a municipal body having the power of election may set aside a ballot by which it appears that an election is made, for some irregularity or illegality before the election is declared, (*Baker* v. *Cushman,* 127 Mass. 105,) we are aware of no authority which holds that, when the election by ballot is declared and entered of record, it may be reconsidered at an adjourned meeting on a subsequent day, and a new election had.   When the aldermen balloted and declared the election of Blaisdell, and it was recorded, their power over the election to that office was exhausted unless he should decline

to accept it. He did not decline to accept and the aldermen could not deprive him of the office except by removal in the manner provided by law. There being no vacancy in the office when the respondent was elected, his election was void.

> *Exceptions overruled. Judgment of ouster affirmed.*

PETERS, C. J., WALTON, DANFORTH, EMERY and HASKELL, JJ., concurred.