STATE EX REL. BURDICK, Respondent, vs. TYRRELL, Appellant.

*October 6—October 27, 1914.*

*Municipal corporations: Election of city attorney: Majority of quorum sufficient: Invalidation by subsequent acts or omissions: Reconsideration: Statutes: Construction: "Joint authority."*

1. Where the common council in fact elected a city attorney in accordance with law by a formal ballot duly recorded, such election was not invalidated by the fact that thereafter the

aldermen, supposing there had been no election, sought to de-
fer action in the matter, nor by the failure of the mayor to
declare the attorney elected, nor by the failure of the city
clerk to issue or file a certificate of election or qualification
pursuant to sec. 925—29a, Stats.

2. After the election of a city attorney by the common council and
he had accepted the office and qualified, the council had no
power to reconsider and elect another person.

3. The election or appointment of a city attorney by a common
council is the "transaction of business," and a majority of a
quorum, in the absence of any statute to the contrary, is suf-
ficient to elect.

4. A majority of the votes cast, where all the aldermen are pres-
ent, is sufficient to elect, even though some did not vote or
voted a blank ballot.

5. Where authority to elect or appoint an officer is given to a com-
mon council in its collective capacity, sub. 3, sec. 4971, Stats.,
relating to the construction to be given to "words purporting
to give a *joint authority* to three or more public officers or
other persons," is inapplicable.

APPEAL from a judgment of the circuit court for Wal-
worth county: GEORGE GRIMM, Judge. *Affirmed.*

This is an action to try the title to the office of city at-
torney of the city of Lake Geneva. The relator claims that
he was elected to the office April 23, 1912, and the defendant
claims that he was elected July 16, 1912. The common
council of Lake Geneva consists of the mayor and six alder-
men. The proceedings of the council out of which the con-
troversy arose are as follows:

"Apr. 23, 1912.

"Pursuant to adjournment of April 16, 1912, the common
council of the city of Lake Geneva, Wis., met in the council
chambers of said city, April 23, 1912, at 8 o'clock p. m.

"Present, Mayor Augesky, Aldermen Nichols, Powers,
Briegel, Agern, Flemming and Kroll.

"Your committee on Rules respectfully recommends the
following:

"1. Roll call at 8 o'clock sharp.

"2. Reading of minutes.

"3. Election of officers in the following order: Board of

health and its physician, chief of police, night police, street commissioner, city attorney.

"Alderman Nichols moved that in the election of officers, same be by ballot, the first ballot to be an informal ballot. Motion seconded by Alderman Agern and carried.

"Informal ballot for city attorney resulted as follows: Six votes cast, *H. A. Burdick* received three, L. G. Brown one, *F. J. Tyrrell* one, one blank.

"First formal ballot resulted as follows: Six votes cast, *H. A. Burdick* received three, L. G. Brown one, *F. J. Tyrrell* one, one blank.

"Second formal ballot, six votes cast, of which *H. A. Burdick* received three, L. G. Brown one, *F. J. Tyrrell* one, and one blank.

"Third formal ballot, six votes cast, of which *H. A. Burdick* received two, L. G. Brown three, blank one.

"Fourth formal ballot, six votes cast, of which *H. A. Burdick* received three, L. G. Brown two, one blank.

"Alderman Nichols moved that the election of city attorney be deferred to the next regular meeting. Motion seconded by Alderman Briegel and carried."

"May 7, 1912.

"A regular meeting of the common council of the city of Lake Geneva, Wis., was held in the council chambers of said city May 7, 1912, at 8 o'clock p. m.

"Present, Mayor Augesky, Aldermen Nichols, Powers, Briegel, Agern, Flemming and Kroll.

"Alderman Briegel moved the following corrections of the minutes: 'that in the election of a city attorney, all ballots after the first formal ballot be stricken off the records.' Motion was seconded by Alderman Nichols.

"Alderman Nichols moved as an amendment, 'that the minutes be declared correct as read.' Motion as amended was seconded by Alderman Kroll. Roll call on the amendment resulted as follows: Ayes, Aldermen Nichols, Powers, Kroll. Nays, Aldermen Briegel, Agern and Flemming.

"Mayor declared amendment lost.

"Roll call on original motion resulted as follows: Ayes, Aldermen Briegel, Agern and Flemming. Nays, Nichols, Powers, Kroll.

"Mayor declared the motion lost.

"Alderman Nichols moved that the rules be suspended and communication from L. G. Brown read.

"Motion was seconded by Alderman Agern and carried.

"The resignation of L. G. Brown as city attorney was then read.

"Alderman Kroll moved that the resignation be accepted as read.   Seconded by Alderman Powers and carried.

"Alderman Powers moved that the services of a city attorney be dispensed with for six months.  Seconded by Alderman Kroll.   A tie vote resulting, the mayor declared the motion carried."

"July 16, 1912.

"A regular meeting of the common council of the city of Lake Geneva, Wis., was held in the chambers of said city at 8 o'clock p. m. July 16, 1912.

"Present: Mayor Augesky, Aldermen Nichols, Powers, Briegel, Agern, Flemming and Kroll.

"Alderman Kroll moved the members of the common council to rescind and reconsider the action heretofore taken for the election or appointment of a city attorney.   Seconded by Alderman Briegel.   Carried.

"Alderman Briegel moved that we proceed by ballot to elect a city attorney, first ballot to be informal.   Seconded by Alderman Agern.   Carried.

"Result of informal ballot: *H. A. Burdick,* 3 ; *F. J. Tyrrell,* 3.

"Result of the formal ballot: *H. A. Burdick,* 3 ; *F. J. Tyrrell,* 3.

"The result being a tie vote, the mayor cast ballot declaring *F. J. Tyrrell* duly elected to the office of city attorney."

The city of Lake Geneva operated under a special charter (ch. 322, Laws of 1885) until May, 1909, when it adopted the general charter law.   Sec. 1 of ch. II of the special charter named the elective officers of the city and provided that all other officers, which included the city attorney, should be appointed by the common council.   Sec. 7 of ch. III provided that the common council might at its first meeting elect a city attorney to conduct the law business of the corporation, or omit such election and when necessary provide

or employ such attorney or counsel as it might desire, and further provided the duties of the city attorney.

The case was tried on stipulated facts which show the proceedings heretofore recited and also additional facts, among others that on May 3, 1912, the relator filed his oath of office, and that on July 17, 1912, the defendant filed his oath of office, and that the relator since the filing of his oath of office has been able, ready, and willing to perform the duties of said office, and that no protest or objection was made by the relator personally to the common council because of proceedings had before it, but that the relator was not present at any of the meetings of the common council; that the office of the city attorney carried no salary, said attorney being paid reasonable compensation for services rendered; and that no certificate of election was ever issued to the relator or defendant.

The court below held that the relator was duly elected city attorney and entitled to the office, and judgment was rendered accordingly, from which this appeal was taken.

For the appellant there was a brief by *Thompson, Myers & Kearney,* attorneys, and *Thomas M. Kearney,* of counsel, and oral argument by *W. D. Thompson.* They contended, *inter alia,* that an election or appointment by a deliberative body must be by a majority of the members thereof present, and the relator failing to show such majority has not shown himself entitled to the office. *State ex rel. Williams v. Edwards,* 114 Ind. 581, 16 N. E. 627, 630; *State ex rel. Laughlin v. Porter,* 113 Ind. 79, 14 N. E. 883; *Lawrence v. Ingersoll,* 88 Tenn. 52, 12 S. W. 422, 6 L. R. A. 308, 312; *Hornung v. State,* 116 Ind. 458, 19 N. E. 151, 2 L. R. A. 510; *State ex rel. Duane v. Fagan,* 42 Conn. 32; sub. 3, sec. 4971, Stats.; *State ex rel. Evans v. James,* 4 Wis. 408. A member present and not voting is to be counted as present in determining whether the affirmative votes were a majority of those present. *Comm. ex rel. Swartz v. Wickersham,* 66 Pa. St. 134; *Lawrence v. Ingersoll,* 88 Tenn. 52, 12 S. W.

422, 6 L. R. A. 308, 312, 313. Where a majority is re-
quired to elect an officer or carry any specific measure, the
law will not be satisfied by the action of any number less
than a majority. *Bush v. State ex rel. Boyle,* 100 Wis. 549,
76 N. W. 606; *State ex rel. Nelson v. Mott,* 111 Wis. 19, 86
N. W. 569; *Yulee v. Mallory,* 1 Bartlett, Elec. Cas. 608;
*People ex rel. Floyd v. Conklin,* 7 Hun, 188; *Stockton's
Case,* Taft, Elec. Cas. 264; *Downing v. Rugar,* 21 Wend.
178, 34 Am. Dec. 223; *Lawrence v. Ingersoll,* 88 Tenn. 52,
12 S. W. 422. An appointment is not complete until the
city clerk shall have issued a certificate that the appointee
has qualified for the position to which he has been appointed,
and therefore an appointment, even though made by a ma-
jority of the board, may be revoked at any time before such
certificate is issued. Sec. 925—29a, Stats. 1911; *Conger
v. Gilmer,* 32 Cal. 75, 78; 2 Dillon, Mun. Corp. (5th ed.)
§ 539.

For the respondent there was a brief by *D. B. Barnes* and
*Wallace Ingalls,* and oral argument by *Mr. Ingalls.*

KERWIN, J.   At the time of the alleged election of the re-
lator the city of Lake Geneva was operating under the gen-
eral charter, but under its provisions the election of officers
was continued in the manner provided by the special charter.
The provisions of the general charter which in any way relate
to the matter under consideration are as follows:

"*City officers; methods of choosing.*   Section 925—25.
1. The mayor, treasurer, comptroller, aldermen, justices of
the .peace and supervisors shall be elected by the people.
The other officers shall be elected or otherwise selected as pro-
vided by ordinance approved by the electors of the city; pro-
vided, that in case any such officer, except policemen, shall
be appointed by the mayor, such appointment shall be sub-
ject to confirmation by the council.   In cities where the
clerk performs the duties of comptroller, the clerk shall be
elected by the people.

"*Methods under general charter.*   2. In all cities operat-

ing under the general law, officers, except as herein specified, shall continue to be elected or appointed in the manner now provided by law. In cities adopting the general law all officers shall continue to be elected or appointed in the manner prevailing in such cities at the time of the adoption of the general law, until changed in the manner herein provided, except as herein otherwise provided."

"*Terms.* Section 925—26. All officers shall hold their offices respectively for the term of one year, except justices of the peace and aldermen, who shall hold for two years and until their successors are qualified, unless the council shall, by ordinance, provide a longer term for said officers or any of them, or unless a different term of office is expressly provided in this charter; provided, that this section shall not extend the terms of any city officers beyond the terms for which they were originally elected or appointed. The common council may provide that the terms of the aldermen first elected after the adoption of this provision shall expire in different years, and thereafter part of the aldermen shall be elected each year and hold for the full term."

Sec. 925—34 provides that every person elected or appointed to any office shall, before he enters upon the discharge of his duties, take and subscribe the constitutional oath of office and file the same with the city clerk within ten days after notice of his election or appointment.

Sec. 925—49 provides that the mayor and aldermen shall constitute the common council, and that whenever a majority or a certain proportion of the members of the council is required to take action or form a quorum, the mayor shall not be counted in determining such majority or proportion, and that the mayor shall have no vote except in case of a tie.

Sec. 925—51 provides that the council shall determine the rules of its proceedings; that two thirds of its members shall constitute a quorum for the transaction of business, excepting in cities wherein the council does not exceed five members, and in such cities a majority of the members thereof shall constitute a quorum, and that in all confirmations by the council the vote shall be taken *viva voce* and shall be recorded

by the clerk in the journal, and a concurrence of a majority of all the members shall be necessary to a confirmation.

Sub. 68 of sec. 925—52 provides that all laws, ordinances, regulations, and by-laws shall be adopted by an affirmative vote of a majority of all the members of the council.

There is no provision in the charter requiring a majority of the members of the council in the election or appointment of officers by the council. The council in the instant case, as it had a right to do, adopted a rule of proceeding in the election of city attorney and provided that the election be by ballot and that the first ballot be informal. The first formal ballot taken on the 23d day of April, 1912, resulted in three votes for the relator, one for Brown, one for defendant, and one blank. The next formal ballot resulted the same.

The contention of the appellant is that neither of these formal ballots elected the relator for several reasons, which will be considered. It is insisted that the proceedings show that the council understood that no selection of city attorney had been made. It may well be that the members of the council thought that the votes of three aldermen under the circumstances did not elect, but what the aldermen did must control. The fact that the aldermen made a mistake of law in holding that the three votes cast for the relator did not elect him did not invalidate the election if three votes did in fact elect. Nor did the other proceedings of the council respecting deferring action and voting to reconsider the election invalidate the election if relator was elected by the first formal ballot. The proceeding to reconsider was not regular even if the council had power to reconsider. The motion deferring action did not disturb the vote taken or change the choice of the three aldermen who voted for the relator, and the motion to reconsider was not passed upon until after the relator had filed his oath of office.

Moreover, after the election of relator, acceptance of the

office, and qualification by him, the council had no power, to reconsider and elect another.    *State ex rel. Scofield v. Starr,* 78 Conn. 636, 63 Atl. 512; *Regina ex rel. Acheson v. Donoghue,* 15 Up. Can. Q. B. 454; *Marbury v. Madison,* 1 Cranch, 137; *State ex rel. Calderwood v. Miller,* 62 Ohio St. 436, 57 N. E. 227; 2 Dillon, Mun. Corp. (5th ed.) § 529 and cases cited in note.

In 2 Dillon, Mun. Corp. (5th ed.) sec. 529, it is said: "The weight of authority is also to the effect that, when a completed vote has been taken which results in the giving of the necessary majority or plurality to one of the candidates, the council cannot rescind its vote or reconsider its action and elect another person."

It is true that in case of mistake or fraud in the taking of a ballot another ballot may be taken and the irregular or fraudulent one rejected.    *State ex rel. Scofield v. Starr, supra.*    But no such case is here.

It is further insisted by counsel for appellant that the election or appointment of relator was not complete, because the city clerk never issued or filed a certificate to the effect that the relator had qualified as provided by sec. 925—29*a* of the general city charter, and that the members of the common council never considered that relator was elected, and the mayor never declared him elected.    The rule adopted for the election of city attorney provided that the election be by ballot and the second ballot be formal.    The result of the formal ballot declared and recorded was that the relator received three votes.    This result could not be changed by declaration of the mayor.    Neither could the failure of the city clerk to issue and file a certificate of election deprive the relator of the office.    The duty of the city clerk to issue and file the certificate was ministerial and is no part of the appointing power.    The appointment is made when the last act required of the person vested with the power has been performed. *Marbury v. Madison,* 1 Cranch, 137.

434     SUPREME COURT OF WISCONSIN.     [Oct.

State ex rel. Burdick v. Tyrrell, 158 Wis. 425.

It is further argued by counsel for appellant that the vote of three aldermen was not sufficient to elect. There is no provision in the written law requiring a majority of the council to elect, hence the common-law rule applies. Under the charter two thirds of the aldermen, being four, constitutes a quorum for the transaction of business. The election or appointment of a city attorney was "transaction of business," and a majority of a quorum, in the absence of any statute to the contrary, was sufficient to elect. *Att'y Gen. v. Shepard,* 62 N. H. 383; *Launtz v. People ex rel. Sullivan,* 113 Ill. 137; *Wheeler v. Comm.* 98 Ky. 59, 32 S. W. 259. A majority of the votes cast, where all the aldermen were present, was sufficient to elect, even though some did not vote or voted a blank ballot. 2 Dillon, Mun. Corp. (5th ed.) §§ 528, 529; *State ex rel. Calderwood v. Miller,* 62 Ohio St. 436, 444, 57 N. E. 227; *State v. Parker,* 32 N. J. Law, 341; *People ex rel. Furman v. Clute,* 50 N. Y. 451; Cooley, Const. Lim. (6th ed.) p. 771; *Everett v. Smith,* 22 Minn. 53; *Smith v. Proctor,* 130 N. Y. 319, 29 N. E. 312; *Cass Co. v. Johnston,* 95 U. S. 360; 2 Dillon, Mun. Corp. (5th ed.) §§ 522, 523, 526, 527.

It will be seen that in the special charter provision is made (sec. 1, ch. II) for appointments of all officers not elected by the electors, while in sec. 7 of ch. III the charter provides that the council may "elect" a city attorney, and in the general charter it is provided that officers not elected by the people shall be "elected or otherwise selected as provided by ordinance. . . ." Perhaps, accurately speaking, under sec. 9, art. XIII, Const., and the provisions of the city charter in the instant case the council appoint and do not elect the city attorney. But whether the term "elect" or "appoint" be used in the charter the power of the council over the subject matter is the same. It is in reality an appointing power, and under the terms of the charter under consideration is to be exercised by the common council as a collective body, acting

in the capacity of the common council of the city of Lake Geneva.

Counsel for appellant further insists that sub. 3, sec. 4971, Stats., rules this case, and that under the provisions of this statute the power given to elect or appoint confers upon a majority of the council only the right to make the appointment, and the relator not having a majority of the council was not elected. We do not think the statute applies. It provides that words purporting to give a joint authority to three or more public officers or other persons shall be construed as giving such authority to a majority of such officers or other persons unless otherwise expressly declared. In the instant case the authority to appoint or elect a city attorney was not a joint authority given to the aldermen or the aldermen and the mayor; it was an authority given to the common council in its collective capacity as common council.

Appellant also urges the doctrine of estoppel against the relator. We find nothing in the record to support this contention.

*By the Court.*—The judgment is affirmed.