Meany, Appellant, vs. Staehle, Respondent.

*March 23—April 13, 1915.*

*Health officer: Possession of office: Restraining interference: Temporary injunction: Election: Tie vote: Drawing lots.*

1. In an action to restrain interference with plaintiff's alleged possession of the office of health officer and his discharge of the duties thereof, a temporary injunction was properly denied where it appeared that plaintiff was not health officer either *de jure* or *de facto*, that no official room was provided by the city, and that, in so far as actual possession of the official books, records, papers, and equipment served to indicate possession of the office, such possession was in defendant rather than in plaintiff.

2. Assuming in this case that the board of health of the city of
Manitowoc as constituted under a municipal ordinance had
power to elect a health officer (a point not decided), where the
vote had resulted in a tie the drawing of lots to determine the
election conferred no right to the office upon the person whose
name was drawn, there being no statute or rule authorizing
such procedure. .

APPEAL from an order of the circuit court for Manitowoc
county: MICHAEL KIRWAN, Circuit Judge.  *Affirmed.*

The appellant claims to be health officer of the city of
Manitowoc, and sues to restrain the defendant from inter-
fering with the appellant's alleged possession of the office of
health officer and the discharge of the duties of health officer
by appellant.  The court below denied the application of
appellant for a temporary injunction restraining the defend-
ant and others from interfering with appellant's alleged pos-
session of the office of health officer and the discharge of the
duties of such office.  The motion for injunction was heard
on the pleadings and affidavits.  From an order denying the
injunction this appeal was taken.

For the appellant there was a brief by *Kelley & Ledvina,*
and oral argument by *E. L. Kelley.*

For the respondent there was a brief by *Nash & Nash,* and
oral argument by *A. L. Nash.*

KERWIN, J.  No formal findings of fact were made in the
case, but the learned trial court rendered a carefully pre-
pared decision in writing, which is in the record, setting
forth the material established facts and the conclusions ar-
rived at.

The charter of the city of Manitowoc empowers the board
of aldermen to take such measures for the public health as it
may deem proper, and also authorizes such board "to estab-
lish and regulate boards of health."  On the 13th day of
May, 1895, the city passed an ordinance which provides that
there shall be appointed annually, as one of the standing com-

mittees of the council, three of its members to be known as a sanitary committee, and who, together with the city physician appointed by the council, shall constitute a board of health of the city and shall have and exercise all powers conferred by law, etc.; that the chairman of said committee shall be *ex officio* president of said board; that said board shall be organized by electing a secretary, who shall be one of their own number, and the board shall also elect a health officer who shall be a practicing physician in good standing, resident of said city, and shall fix his salary, and he shall have the power conferred by law, etc.; that at all times since the enactment of said ordinance the board of health has been constituted annually in accordance with the provisions of said ordinance, and pursuant thereto the health officer has been chosen annually by the board up to the time of the election in controversy.

Under said ordinance defendant was elected or chosen health officer by said board on April 15, 1913, for the ensuing year, and qualified and since has discharged the duties of the office up to the time of this disputed election, and still continues to do so, at least in part, and claims to be such health officer holding over after the expiration of his term on the ground that his successor has not been chosen. Defendant has been paid by the city the salary of the office for May, 1914, and plaintiff's demand for payment of salary has not been complied with by the city.

The city charter provides for certain designated city officers and also for "such other officers as the board of aldermen may deem necessary to appoint." The charter specifies which officers shall be elected by the people and which appointed by the mayor and confirmed by the council, and provides that all other officers shall be appointed by the council. The city physician is one of the officers designated by the charter as appointed by the council. The charter further provides that certain officers named shall hold their offices

for two years and until their successors are elected and qualified, and that "all other officers, either elected or appointed, shall hold their respective offices for one year and until their successors are elected and qualified. . . ."

The office of health officer is not mentioned in the city charter and is only referred to, if at all, under the head of such "other officers" as the council "may deem necessary to appoint." The health officer has never been elected or appointed by the council since the passage of the ordinance of May 13, 1895, since which time the health officer has been chosen by the board of health in accordance with the ordinance.

The board of health met April 22, 1914, organized by the election of a president and secretary, and proceeded to vote by ballot for a health officer for the ensuing year. On the first ballot plaintiff received one vote, the defendant one, and Dr. Westgate two. The minutes show that thereafter other ballots were taken, resulting in a tie vote, Dr. Westgate receiving two votes and the plaintiff two. Whereupon it was suggested to determine the election by drawing lots, which resulted in the plaintiff being declared elected. Thereupon plaintiff appeared before the board and was informed by its members, or some of them, that he had been elected health officer and received some instructions from members of the board relating to services which they wished him to perform as such health officer. On the next day he took and filed his official oath and entered upon the discharge of the duties of the office in the belief or under the assumption that he had been elected, and demanded the books and records of the office from the defendant, and the same, or some of them, were delivered to him by defendant within a day or two in the belief on defendant's part that plaintiff had been elected to succeed him in the office. Some of the apparatus, however, belonging to the office was not delivered by defendant to plaintiff and has been retained by defendant.

On April 24, 1914, plaintiff caused to be published a notice stating that he had assumed the office of health officer. On April 28, 1914, the board of health met and the minutes of the previous meeting were amended by striking out the words, "It was finally decided to determine the election by drawing lots, which resulted in *Dr. Meany* being chosen," and inserting in lieu thereof the following:

"It was suggested that the board draw lots to settle the tie votes for *Dr. F. E.* Westgate and *Dr. J. E. Meany* for health officer. Without any motion or formal action a ballot bearing the name of *Dr. J. E. Meany* and a ballot bearing the name of Dr. F. E. Westgate were both put into a hat and a ballot bearing the name of *Dr. Meany* was drawn therefrom. The chairman suggested that formal action be taken to elect *Dr. Meany,* and no action was taken other than the statement of the chairman to the effect that 'I suppose *Dr. Meany* is elected;' to which there was no reply made by any member."

All the members of the board voted in favor of the foregoing amendment and it was adopted, and the court below found that it was presumably a correct statement of the fact recited. At the same meeting a vote that the secretary cast the "unanimous ballot" for plaintiff for health officer was declared lost. On April 29, 1914, defendant as health officer caused to be published a notice over his signature directing property owners to remove garbage from their premises.

The learned trial court in its decision found the foregoing facts undisputed. Some other facts are also set forth in the opinion which we do not deem necessary to recite here.

It is obvious from what has been said that the question is presented whether the plaintiff is *de facto* health officer in possession of the office and in the discharge of his duties and therefore entitled to a temporary injunction restraining the defendant from interfering with his possession of the office and the performance of its duties pending the action.

The learned trial court held against the plaintiff's conten-

tion and further held that the defendant had in his possession "most, if not all, of the records, papers, and equipment of the office, having caused to be taken away from plaintiff's office, in his absence therefrom, some or all of those records and papers which defendant had previously delivered to plaintiff." This finding is supported by the record.

It further appears from the established facts and the decision of the trial court that the city does not provide any room to be occupied as the office of the health officer, and that each of the parties to this controversy used for that purpose his private office in which he conducted his practice as a physician. It further appears from the record that in so far as the word "office" means the place where certain business of the health officer is transacted, it cannot be said that either claimant is in actual possession of the office to the exclusion of the other. The court below found upon sufficient showing that "in so far as actual possession of the official books, records, papers, and equipment serve to indicate possession of the office, in the legal sense, such *indicia* tend to show that such possession was in defendant rather than in plaintiff when the action was begun and also at the time of the hearing."

The court below also found that upon the established facts and the law governing these facts the plaintiff was not entitled to an injunction, and we think it clear from the record that the court was right in so finding. *Ekern v. McGovern,* 154 Wis. 157, 220, 142 N. W. 595; *Ward v. Sweeney,* 106 Wis. 44, 82 N. W. 169.

It is argued by counsel for respondent that the board of health had no power to choose the health officer; that that function is conferred upon the common council by sec. 1411, Stats. A very interesting argument is made upon this proposition. We need not and do not decide it. The court below held that the board had no power to appoint a health officer, because sec. 1411, Stats., only leaves power to provide

for election of health officers in cities whose charters make provision for the election of boards of health *and a health officer,* and that the city charter of Manitowoc provides only for a board of health, not for a board of health *and a health officer.*

The court below, while holding that it was not necessary to consider the merits of the case, held that, the facts being all before the court, it could under the decisions of this court proceed to determine the ultimate question as to who was entitled to the office. *St. Hyacinth Cong. v. Borucki,* 141 Wis. 205, 124 N. W. 284; *Ekern v. McGovern, supra.* Assuming, without deciding, that the board of health under the ordinance had power to elect a health officer, it is clear that the plaintiff was not elected. The attempted determination by lot as to who was elected conferred no right to the office upon the plaintiff. The board never determined to elect or appoint a health officer by ballot. If it had the power to change its former rule to elect or appoint by ballot and elect by lot (a point we do not decide), the record heretofore cited shows that it failed to do so. The plaintiff received neither a majority nor plurality of the votes, hence was not elected or appointed even if the board had power to elect or appoint. *State ex rel. Burdick v. Tyrrell,* 158 Wis. 425, 149 N. W. 280; 1 Dillon, Mun. Corp. (4th ed.) § 278; *Lawrence v. Ingersoll,* 88 Tenn. 52, 12 S. W. 422; *Comm. v. Allen,* 128 Mass. 308; *Launtz v. People,* 113 Ill. 137. It is not intended by this decision to foreclose trial of title to the office, but on the record before us the plaintiff has shown no title.

On any theory of this case, upon the undisputed facts in the record it is clear that the plaintiff was neither a *de facto* nor a *de jure* health officer.

*By the Court.*—The order appealed from is affirmed.