NORTH *v.* WAGNER.

This case is controlled by *Thorne* v. *Squier, ante,* 98. McDONALD, C. J., and WIEST, J., dissenting.

Appeal from Calhoun; Hatch (Blaine W.), J. Submitted April 12, 1933. (Docket No. 102, Calendar No. 37,143.) Decided June 29, 1933.

*Quo warranto* by Walter P. North against John A. Wagner to oust defendant from office of city attorney of Battle Creek. Ouster granted. Affirmed.

*Willard A. Knight, Howard W. Cavanagh,* and *Maxwell B. Allen,* for plaintiff.

*Burritt Hamilton* and *James Cleary,* for defendant.

WIEST, J. (*dissenting*). This is an appeal by defendant from a judgment ousting him from the office of attorney for the city of Battle Creek. Battle Creek operates under a home rule charter, with an elected mayor, who is *ex officio* a commissioner, and four commissioners. The charter provides for appointment of a city attorney for a two-year term. At a regular meeting of the city commission on April 5, 1932, all members being present, John A. Wagner was appointed city attorney for a term of two years from that date. Commissioner Hoyt voted for the appointment, but stated that he did so for the purpose of moving reconsideration. No motion to reconsider or other dilatory motion was made at that meeting. The next day, April 6th, Mr. Wagner filed written acceptance of the appointment and oath of office and entered upon the duties of city attorney. The next day, April 7th, following a meeting of the commission to canvass municipal election votes, commissioner Hoyt filed a notice, directed to the city commission and clerk, of his intention, at the regular meeting on April 11th, to move reconsideration of the action appointing Mr. Wagner. At the meeting on April 11th, Mr. Hoyt moved reconsideration and the motion prevailed, an intervening election having changed the personnel

of the commission. On April 18th, the commission appointed Walter P. North city attorney, and he qualified, .demanded the office, and, being refused, filed an information in the nature of *quo warranto*.

Rule No. 28, Battle Creek City Manual, provides:

"A motion to reconsider a vote on any question shall not be in order after one regular meeting of the commission has intervened between the decision and motion for reconsideration, but it shall be in order for any commissioner of the prevailing· side to move for a reconsideration thereof during that period, provided that he shall file with the city clerk, within 48 hours of the time at which the motion to be reconsidered was passed, a notice of his intention to so move to reconsider it, and the same number of votes shall be required to reconsider any action of the commission as was required to pass or adopt the same."

Rule No. 35 provides:

"Rules of parliamentary practice comprised in Roberts' Rules of Order shall govern the commission in all cases in which they are applicable, provided they are not in conflict with the laws of the State of Michigan."

The governing point is whether the commission, in voting the appointment of Mr. Wagner, exercised the power of appointment to a finality. Much depends upon whether the exercise of such power was administrative, executive, or legislative. If administrative or executive, and plenary in nature, the exercise thereof was a finality. If legislative, its exercise might, or might not, depending on circumstances, be open to reconsideration. Was the power, in the instance at bar, exercised by the commission acting in a legislative capacity? It should be remembered that, under a commission form of gov-

ernment, former checks and balances are removed, and, instead of confirming appointees of the executive, the commission is vested with former executive and administrative power and acts direct and not as a check in a confirming or rejecting capacity.

The power of appointment to a public office, if plenary, is, in its exercise, an executive function. When the power is plenary and is exercised and the appointee accepts, by qualifying, the office is filled, and, until there is a vacancy, no other appointment can be made. *Speed* v. *Common Council,* 97 Mich. 198, citing and quoting from *People, ex rel. Mosher,* v. *Stowell,* 9 Abb. N. C. (N. Y.) 456, where the common council had plenary power to appoint. The charter of Battle Creek created the office of city attorney and vested power in the commission to fill it by appointment. This called for executive action without any exercise of legislative functions.

"Appointments to office, by whomsoever made, are intrinsically executive acts. *Taylor* v. *Commonwealth,* 3 J. J. Marsh. (26 Ky.) 401." *State, ex rel. Coogan,* v. *Barbour,* 53 Conn. 76, 85 (22 Atl. 686, 55 Am. Rep. 65).

It was said in *Achley's Case,* 4 Abb. Prac. (N. Y.) 35, 37:

"The exercise of the power of appointment to office is a purely executive act; and when the authority conferred has been exercised, it is final, for the term of the appointee."

See, also, *Casler* v. *Tanzer,* 134 Misc. 48 (234 N. Y. Supp. 571); *State, ex inf. Hadley,* v. *Washburn,* 167 Mo. 680, 696 (67 S. W. 592, 90 Am. St. Rep. 430); *Marbury* v. *Madison,* 1 Cranch (5 U. S.), 137.

Plaintiff invokes the mentioned procedure rule and contends that reconsideration was allowable.

It is not necessary, and we do not decide the question of whether reconsideration could be had after change in personnel of the commission.

We call attention, however, to the following comment in *Kendell* v. *City Council of Camden,* 47 N. J. Law, 64 (54 Am. Rep. 117):

"In the present case the common council took no proceedings to reconsider or change their action until a year after their decision had been given; and when nine new members were introduced, with the hope of a better result the former contestant renewed his protest. The impolicy of permitting such efforts to unseat members of a municipal body when the election of new members makes it feasable because of the increased bitterness of partisan strife and personal feeling that must be excited, makes it desirable that some remedy shall be found, if possible, to prevent them. It does not seem to me to be difficult in this case to indicate the remedy and the reasons for it. The resolution of the council, appointing a committee to investigate again the right of the present incumbent, Kendell, to his seat, is not a mere attempt at reconsideration, by a legislative body, of its own action, but it is, in effect, an appeal to another tribunal composed of different members."

The rule has no application to the appointment, for, in exercising such plenary power, a final result was reached, and the rule could not annex to the appointment a possibility of disfeasance, or render it inchoate. Defendant had a right to act upon the record of the meeting, and, upon qualifying, assert his legal rights thereunder.

Legislative power to reconsider confirmation of an executive appointment was involved and decided in *Attorney General, ex rel. Dust,* v. *Oakman,* 126 Mich. 717, and *People, ex rel. MacMahon,* v. *Davis,*

284 Ill. 439 (120 N. E. 326, 2 A. L. R. 1650), and plaintiff cites such cases as determinative of the issue at bar. In those cases the finality of confirmation was arrested by motions to reconsider at the same sessions. But passing this, the pivotal question in the case at bar was not there presented nor decided.

2 McQuillin, Municipal Corporations (2d Ed.), § 644, states the law and draws the true line between exercise of plenary power of appointment to office and power of confirmation. We quote:

"Accordingly the law appears settled that after an election, acceptance, and qualification by the officer the council cannot reconsider and elect another. * * * (Citing *State, ex rel. Burdick,* v. *Tyrrell,* 158 Wis. 425 [149 N. W. 280]; *State, ex rel. Calderwood,* v. *Miller,* 62 Ohio St. 436 [57 N. E. 227, 78 Am. St. Rep. 732]; *Regina, ex rel. Acheson,* v. *Donoghue,* 15 Up. Can. Q. B. 454.) But the application of the rule to the confirmation of an executive appointment has been denied. Thus an appointment of a member of a board by the mayor and confirmation by the legislative body, it has been held, may be reconsidered." Citing, upon the last point, *People, ex rel. MacMahon,* v. *Davis, supra,* and *Attorney General, ex rel. Dust,* v. *Oakman, supra.*

For pertinent comments on the *Davis Case* see *City of Kankakee* v. *Small,* 317 Ill. 55 (147 N. E. 404).

"There appears to be some conflict in the authorities as to what constitutes an appointment to office. The most approved statement is that an appointment has been made where the power is absolute and the appointee has been determined on and no further consent or approval is necessary." 22 R. C. L. p. 422, citing *Draper* v. *State, ex rel. Patillo,* 175 Ala. 547 (57 South. 772, Ann. Cas. 1914 D, 301).

"It seems that the element of the exercise of discretion is of the essence of an appointment." 22 R. C. L. p. 422.

"The weight of authority appears to be in favor of the view that an appointment to office cannot be recalled after the appointing power has once exercised its functions." 22 R. C. L. p. 423.

"There is, however, a conflict of authority as to this when the appointing power is vested in a collective body. Some courts hold that in making an appointment to public office the appointing body is exercising a legislative function and that the appointment is revocable under the ordinary parliamentary rules. On the other hand some courts hold that the making of an appointment to public office is a *quasi*-executive duty, incapable of revocation when once exercised." 22 R. C. L. p. 424, citing to the last point *Speed* v. *Detroit,* 98 Mich. 360 (22 L. R. A. 842, 39 Am. St. Rep. 555).

"The appointment of officers is intrinsically an administrative or executive act." 22 R. C. L. p. 424.

In 43 C. J. p. 510, under the title "municipal corporations" and subject "reconsideration and rescission" it is well stated:

"A municipal council has the power, if the rights of third persons have not intervened and if vested rights are not interfered with, to reconsider or rescind action previously taken provided this subsequent action is not prohibited by, or inconsistent with, charter or statutory provisions, or rules of the council; and the fact that a statute is silent on the subject of submitting a proposition for reconsideration of a decision does not operate to forbid it. On the other hand, if the rights of third persons have intervened and vested rights would be interfered with, no right of reconsideration or rescission ex-

ists; and such is the case where the action taken by the council exhausts its power in the matter sought to be reconsidered.''

And in note 52 (c), p. 511, it is stated, under the heading ''appointment or election of officer:''

''The common council of a city having once appointed or elected a person to an office, for a stated term, in pursuance of authority given to it by law, its power in that regard is exhausted and it cannot thereafter rescind and annul the appointment, and appoint or elect another person to the same office,'' citing *State* v. *Phillips,* 79 Me. 506 (11 Atl. 274); *People, ex rel. Mosher,* v. *Stowell, supra.*

Also note 51 (c):

''After election of a city attorney by the common council and his acceptance and qualification, the council could not reconsider their action and elect another person,'' citing *State, ex rel. Burdick,* v. *Tyrrell, supra,* and directing attention to *State, ex rel. Scofield,* v. *Starr,* 78 Conn. 636 (63 Atl. 512), where the rule is recognized.

The parliamentary rules of the commission were procedural only, where applicable, and conferred no substantive right to act over after exhausting power in action taken.

This court said in *Speed* v. *Common Council, supra,* 207:

''It is well settled that when the appointing power has once exercised its functions it has no more control.'' (Appointment of city counselor by mayor.)

See, also, *Attorney General, ex rel. Speed,* v. *Corliss,* 98 Mich. 372.

Defendant was duly appointed city attorney and the attempted reconsideration and appointment of plaintiff was a nullity.

The judgment in the circuit court should be reversed and ouster of defendant denied. Defendant should recover costs.

McDONALD, C. J., concurred with WIEST, J.

BUTZEL, J. For reasons stated in *Thorne* v. *Squier, ante,* 98, the judgment is affirmed.

CLARK, POTTER, SHARPE, and FEAD, JJ., concurred with BUTZEL, J. NORTH, J., did not sit.