LIND *v.* FISH.

1. OFFICERS — HIGHWAY COMMISSIONER — RECONSIDERATION OF APPOINTMENT BY BOARD OF SUPERVISORS—MEETINGS.

Appointment of highway commissioner by board of supervisors at a regular meeting after which it adjourned to a date after commencement of his term of office *held,* final and not subject to annulment by motion for reconsideration at legally called special meeting held over two weeks later and after appointee took oath of office but before beginning of term, where no rules of procedure providing for reconsideration of an appointment regularly made had been adopted.

2. COSTS—PUBLIC QUESTION—QUO WARRANTO.

On review of *quo warranto* proceedings involving office of highway commissioner, no costs are allowed, a public question being involved.

Appeal from Iron; Bell (Frank A.), J. Submitted June 6, 1935. (Docket No. 54, Calendar No. 38,430.) Decided September 9, 1935.

*Quo warranto* by Leonard Lind against Russell C. Fish to oust defendant from office of member of county road commission. Judgment for defendant. Plaintiff appeals. Reversed.

*Norman Trahair,* for plaintiff.

*M. S. McDonough,* for defendant.

BUTZEL, J. An election of a county road commissioner to take office on January 1, 1935, was held at a regular meeting of the board of supervisors of Iron county on December 15, 1934. Of the several candidates, no one received a majority vote after 25 ballots were taken. On the 26th ballot Leonard Lind, plaintiff, received the requisite number of votes for election. The board further voted to

strike from the record the preceding 25 ballots and then adjourned to January 12, 1935, the day of the next regular meeting. A special meeting of the board was legally called and held on December 31, 1934, at which a motion to reconsider the previous action of the board in electing plaintiff was carried. Thereupon, after another ballot, Russell C. Fish, defendant, was elected by a two-thirds vote of the members, all but one of them attending the meeting. Plaintiff filed his oath of office immediately after the meeting of December 15, 1934. Defendant also qualified on December 31, 1934. The board of supervisors had never adopted any rules of procedure governing the conduct of its meetings. On January 3, 1935, at a meeting of the board of county road commissioners both plaintiff and defendant appeared and claimed to be a member of the board. Defendant, however, was accepted and recognized by the other two commissioners. On January 12, 1935, the regular day for holding a meeting of the board of supervisors, the appointment of defendant was again confirmed and approved by resolution. He again qualified and has continued to act as a member of the board of county road commissioners. No charges of any kind were ever made for the removal of plaintiff.

The sole question is whether, where there are no rules of procedure providing for reconsideration and an appointment is regularly made and the new appointee has taken oath of office, can such appointment be annulled by motion for reconsideration made at a special meeting held over two weeks later but prior to the beginning of the term of office? Had there been regular rules of procedure providing for reconsideration and they had been properly followed, the question would be ruled by *Thorne* v. *Squier*, 264 Mich. 98 (89 A. L. R. 126), where we

held an appointment made by a legislative body was both legislative and executive, and where the rules of order adopted by the body provide for reconsideration and were strictly followed, the vote could be reconsidered and the appointment set aside and a new one made. We called attention to the cases of *State, ex rel. Burdick,* v. *Tyrrell,* 158 Wis. 425 (149 N. W. 280, Ann. Cas. 1916 E, 270); *State, ex rel. Whitney,* v. *Van Buskirk,* 40 N. J. Law, 463; *State* v. *Phillips,* 79 Me. 506 (11 Atl. 274), holding that where there were no rules of procedure providing for reconsideration, an appointment was final. In *Thorne* v. *Squier, supra,* we held that after the time had gone by for reconsideration, no such action could thereafter be taken. Defendant claims that there being no rule of procedure as to limiting the time within which a motion for reconsideration should be made, the body should follow the general rule that a motion to reconsider may be made, at any time or by any member, precisely as any other motion. See *Beach* v. *Kent,* 142 Mich. 347, 352, in which the court quotes with approval Cushing's Law and Practice of Legislative Assemblies. The difficulty, however, in the application of such a general rule arises when it comes to an appointment which is both of a legislative and executive nature. When a person is duly elected and there is no rule providing for or permitting reconsideration, the action is final and will not be disturbed. There is no question but that the board of supervisors intended that the election of December 15, 1934, was to be final when it adopted the motion expunging from the record the previous 25 votes, elected plaintiff and adjourned to a date 12 days after his term of office was to begin. A person appointed to an office by election has a right to rely upon such election when there is no rule providing for reconsideration. However,

if there is such a rule, the time for such reconsideration has expired.

The judgment in favor of Fish is herewith set aside and the case is remanded to the circuit court to enter judgment of ouster in favor of plaintiff. A public question being involved, no costs will be allowed.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, WIEST, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.