LAWRENCE R. HEATH, Corporation Counsel, Oneida County
You request my opinion on three questions relative voting procedures to be utilized by the County Board in selecting a County Highway Commissioner.
Section 83.01 (1), Stats., as amended by ch. 262, Laws of 1973, provides in part:
 "(1) ELECTION. The county board shall elect a county highway commissioner, . . ."
Although the term "elect" is used, the County Board is reallyappointing such officer and exercises its power by voting
pursuant to sec. 59.02 (2), Stats., 61 OAG 116 (1972).
 1. In view of the prohibition against the use of secret ballots contained in sec. 66.77 (6), Stats., can the County Board vote by unidentified paper ballots if submitted in writing and thereafter tallied with the totals for each candidate announced publicly?
In earlier times such method of voting was permissible at public meetings where neither statute nor charter required aye or nay vote recording and no statute prohibited the use of a secret ballot. State ex rel. Burdick v. Tyrrell (1914), 158 Wis. 425,149 N.W. 280.
However, I am of the opinion that such voting procedure would be in violation of sec. 66.77 (6), Stats., as created by ch. 297, Laws of 1973, which provides:
 "(6) Unless otherwise specifically provided by statute, no secret ballot shall be utilized to determine any election or other decision of a governmental body at any meeting, and any member of such body may require that a vote be taken in such manner that the vote of each member may be ascertained and recorded."
In my opinion such ballots would be secret ballots within the meaning of that section and I am not aware of any specific statute which would permit members of the County Board to vote by secret ballot. *Page 571 
This section is applicable to both open sessions and closed sessions of governmental bodies. It is my further opinion that the election of a County Highway Commissioner could not be accomplished at a closed session of the County Board. An argument can be made that the Board is "considering employment" and that sec. 66.77 (4) (a), Stats., would be applicable. However, it is my opinion that, even if sec. 66.77 (4) (a), Stats., is applicable to consideration, the vote of the County Board is not an integral part of such consideration and would therefore have to be taken at open session. See 60 OAG 9, 16 (1971): State exrel. Cities Service Oil Co. v. Bd. of Appeals (1963), 21 Wis.2d 516,124 N.W.2d 809, and Board of School Directors of Milwaukeev. WERC (1969), 42 Wis.2d 637, 168 N.W.2d 92.
In addition to the requirements in sec. 66.77, Stats., county boards are subject to sec. 59.04 (4), Stats., which provides in part:
 "(4) The board shall sit with open doors, and all persons conducting themselves in an orderly manner may attend. . . ."
Also see sec. 59.17 (1), Stats., as to the duty of the county clerk to ". . . record the vote of each supervisor on any question submitted to the board, if required by any member present . . ."
The term "secret ballot" is not defined in sec. 66.77, Stats., or sec. 990.01, Stats. The general rule of sec. 990.01 (1), Stats., is applicable and provides:
 "(1) GENERAL RULE. All words and phrases shall be construed according to common and approved usage; but technical words and phrases and others that have a peculiar meaning in the law shall be construed according to such meaning."
I am of the opinion that the term "secret ballot" as used in sec. 66.77 (6), Stats., has the same peculiar meaning which it has in the law where elections involving electors are concerned. In State ex rel. Briesen v. Barden (1890), 77 Wis. 601, 606,46 N.W. 899, it is stated:
 ". . . The absolute secrecy of the vote is required, and to secure that it must be by ballot. . . . The paper called a ballot must not disclose for what or for whom it is voted, except by the name of the person voted for and the office on the face thereof." *Page 572 
The court went on to state that certain printing or writing on the outside of a ballot to make the voting of it possible and practicable and not placed there for the purpose of making it known for whom the elector votes would not render a ballot invalid.
My answer to your first question would not preclude the use of identified paper ballots by a County Board.
I am of the opinion that where a paper ballot is utilized by a County Board to appoint a County Highway Commissioner, such ballot must contain the name or other identification of the member voting, in addition to the name of the person voted for, even where no member has requested that the vote be taken in such manner that the vote of each member may be ascertained and recorded. Use of such ballots would prevent following,[1] but would permit other members and members of the public to ascertain how individual members voted. The ballots themselves would be public records within the meaning of sec. 19.21 (1), Stats., and inspection would be permissible under secs. 19.21 (2) and 59.71
(1), Stats.
A secret ballot is required under Art. III, sec. 3, Wis. Const., and by statute in any election, with exceptions, where electors exercise rights of suffrage. The Constitution does not require and the legislature has not deemed it necessary to provide for the use of a secret ballot in matters to be determined by County Boards of Supervisors. Supervisors do not vote on matters before the body as electors, but rather, as representatives of their constituents. A secret ballot would defeat the accountability factor of individual members of the governmental body.
 2. May a vote be taken by ayes and nays where some member has not requested that the vote be taken in such manner that the vote of each member may be ascertained and recorded?
I am of the opinion that ayes and nays or a showing of hands can be used. Other members and members of the public in attendance would have some chance of ascertaining how individual members voted. When construed as a whole, sec. 66.77 (6), Stats., would seem to permit such manner of voting where an individual member had not *Page 573 
required voting in such manner that the vote of each member could be ascertained and recorded.
 3. Can the Chairman of the County Board request individual candidates leave the meeting room at the time the vote is taken?
He can make such a request. Removal cannot be required if such persons are conducting themselves in an orderly manner. Secs.59.04 (4), 66.77 (1), (2) (d), (3), Stats.
VAM:RJV
[1] The act of following the lead of earlier voters in a rollcall vote.