THE STATE OF FLORIDA, ex rel. GEORGE MEREDITH, *Petitioner*, v. THE BOARD OF TRUSTEES OF THE SALVATION ARMY, a corporation, and L. L. PARKS, one of the Judges in Chancery Sitting of the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, *Respondents*.

135 So. 781.

Division B.

Opinion filed June 28, 1931.

Buford, C.J., dissents.

J. Tom Watson, of Tampa, for Petitioner;

W. T. Martin and Thomas C. Dyer, of Tampa, for Respondents.

Per Curiam.—This case is before this Court on an application for a writ of prohibition absolute to restrain further proceedings in a Chancery cause instituted in the Circuit Court of Hillsborough County wherein the petitioner for the writ was the defendant.

In that case the Board of Trustees of The Salvation Army, a corporation, filed its bill of complaint against George Meredith, as defendant, and set up therein that said Meredith, as superintendent of the Florida Free Training School for Girls, had occupied and used certain premises and certain personal property located thereon as such superintendent; that the relationship between the Florida Free Training School for Girls and said Meredith, as superintendent, had ended and that said Meredith had abused his privilege of having been left in charge of the institution for the time being by threatening and planning to remove all or a large part of the personal property on the premises, consisting mainly of furniture and furnish-

ings of the Florida Free Training School for Girls. This it is alleged was being done by said Meredith to deprive the Board of Trustees of the Salvation Army from exercising its custody, control, management and use of the property for the purposes of carrying on the Training School for Girls. Accordingly, it was prayed that an injunction be issued by the Court to prevent the said Meredith, the former superintendent of the said School, from carrying out his threats and executing his plans to remove the complainant's property from the premises of the School and deprive the school of the custody, control and use thereof. It was distinctly alleged in the bill that said Meredith was not entitled to the possession, custody, use or control of the personal property which he was threatening to remove, except in his capacity as superintendent of the said Florida Free Training School for girls, from which position as superintendent the said Meredith was alleged to have been removed by proper authority.

The defendant demurred to the bill of complaint mainly on the ground that the controversy involved in the Chancery suit was a dispute between the complainant and the defendant as to the possession of the personal property involved and that therefore complainant had a plain, complete and adequate remedy at law. This demurrer was overruled by the Court, after which the defendant filed his answer asserting his claim to a large portion and quantity of the personal property in dispute. After this a so-called supplemental bill of complaint was filed, setting up that said Meredith had removed and concealed part of the property involved and that accordingly complainant should be granted a mandatory injunction to require said property to be restored to the school from which it was taken. In this supplemental bill it was more definitely alleged that the complainant, The Board of Trustees of the Salvation Army, had purchased certain real and personal property for the purpose of establishing and maintaining a maternity home

and a home for unmarried mothers, and that by the acts of
the defendant in removing a part of the personal property
constituting the furnishings of said home that complainant
was thus deprived of the use of personal property which
was absolutely necessary for the purpose of maintaining the
home in question, and that in consequence thereof the com-
plainant was forced to care for in private homes five or six
of the mothers who whould be otherwise taken care of in
the institution, and that in consequence the complainant
was sustaining irreparable loss and damage on account of
the acts of the defendant in removing the indispensable
personal property necessary for the operation of the home
and thus in effect destroying the operation of the home it-
self for the time being.

At a hearing, the court granted an injunction as prayed
for in the supplemental or amended bill, and thereupon
the defendant Meredith filed his application in this Court
for a writ of prohibition and rule *nisi* was issued thereon.
A return by the respondent Circuit Judge and the com-
plainant in the Court below suggests that there is no cause
for the issuance of a writ of prohibition absolute and that
such absolute writ should be accordingly denied.

The issuance of a writ of prohibition to stop further pro-
ceedings in an equity case is undoubtedly authorized where
no special circumstances are alleged in the bill of complaint
bringing the case under some recognized head of equity
jurisdiction warranting the relief prayed for, even though
there is not a complete absence of *any* jurisdiction over the
*class* of suit involved. State v. Railroad Commission, 79
Fla. 626, 84 So. 444; State v. White, 40 Fla. 297, 24 So. 160;
People ex rel. L'Abbe v. District Court of Lake County,
26 Col. 386, 58 Pac. 604; 46 L. R. A. 850.

But where an appeal lies from an interlocutory order,
a writ of prohibition is only authorized where the remedy
by appeal from such interlocutory order *is not plain, speedy
and adequate.* State v. Wood, 155 Mo. 425, 56 S. W. 474,

48 L. R. A. 596; State v. Reynolds, 107 S. W. 487, 15 L. R. A. (N. S.) 963.

In this case it has not been made to appear that an appeal from the interlocutory order granting the injunction complained of would not be a plain, speedy and adequate remedy for the petitioner in this case, and for that reason it would not be proper to grant the writ of prohibition absolute as prayed.

In the second place, while the bill of complaint may be subject to demurrer because of the general and inconclusive nature of its allegations, it does not sufficiently appear that whatever remedy exists at law with regard to the property in dispute is a speedy and adequate remedy although it may be a plain one. Equity has jurisdiction to enjoin the interference with personal property even where there is an existing remedy at law, where such remedy is not plain, complete *and adequate*.

In this cause we have a bill of complaint showing that the interference by the defendant with the personal property mentioned amounts to more than a mere interference with the *rights of property* of complainant in such personal property. Such personal property is shown to be necessary to enable the complainant to keep in operation its established home for unfortunate girls and unmarried mothers.

If defendant, who was placed in charge of said home as superintendent and whose connection therewith has been terminated, so it is alleged, is allowed to remove such personal property constituting the furnishings of the home and scatter it among many others, replevin to recover such personal property might lie, it is true, but the use of replevin for such purpose might involve a multiplicity of suits against divers persons to cover the several items should they be widely scattered. The defendant is alleged to be insolvent, so a money judgment against him would be worthless. The fact that complainant is an eleemosynary

institution, evidently with limited funds for the purposes of its existence, necessarily places it in the meantime in a situation where if its personal property, forming a part of its home for girls, is taken away from it and withheld, the principal, if not the sole, purpose for the existence of the Society and for the operation of this home may be largely destroyed. Certainly this is an element of damage for which no adequate remedy at law can exist.

It seems to a majority of the court that this case is controlled by what was held by this court in the case of Bass v. Alderman, 80 Fla. 345, 86 So. 244, in which case Mr. Justice Ellis pointed out the rule to be that: ''The rule is that except in peculiar or extraordinary cases, courts of equity have no jurisdiction to enjoin a levy, or trespass upon property or to enforce a mere legal right to it where there is a *clear* remedy at law.''

In view of the defendant's alleged conduct, the nature of complainant as a society for charitable purposes, the fact that the personal property in dispute was acquired by it and devoted to a charitable use, the society's probable inability to readily furnish replevin bonds to recover possession of it in actions of law should it be scattered, its obvious inability to readily locate the concealed property which defendant is shown to have taken and to have made actual efforts to conceal, coupled with defendant's alleged insolvency, suggests the probability that a multiplicity of suits will be necessary to enforce complainant's property rights at law, if they can be adequately enforced at law, and tend, if established to be true, as shown by the bill, to make this case one of that of extraordinary character referred to in the foregoing opinion by Mr. Justice Ellis, even if the property involved is altogether personal property and that the real dispute is as to the rights of property in the same.

For the foregoing reasons the answer of the respondent Circuit Judge and of the complainant must be held to be

good and the application for a writ of prohibition absolute must be denied.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur.

ELLIS AND BROWN, J.J., concur in the opinion and judgment.

BUFORD, C.J., dissenting:—I think the original bill of complaint stated no ground to give equity jurisdiction. The cause of action, if any, accrued after the filing of the original bill as is set up in the supplemental bill and therefore the supplemental bill adds nothing to warrant the exercise of equity jurisdiction. Meulset vs. Massman, 37 Fla. 91, 19 So. 625; First Nat. Bank of Leesburg, vs. McKenzie, 131 So. 790; Pepper vs. Beville, 129 So. 334.