THE STATE OF FLORIDA, ex rel. CARY D. LANDIS, Attorney General, and ex rel. GEORGE YOUNG, O. D. STILES and BERT LANDERS, as citizens, voters and taxpayers of the City of Hollywood and proponents of a Petition for the recall of W. L. (William L.) Adams, as City Commissioner of said City, *Plaintiffs,* vs. HONORABLE GEORGE W. TEDDER, as Judge of the Circuit Court of the Twenty-second Judicial Circuit in and for Broward County, Florida; W. L. (William L.) ADAMS, and FRANK A. COOKE, as City Clerk of the City of Hollywood, Broward County, Florida, *Respondents.*

143 So. 148.

Division B.

Opinion filed July 9, 1932.

*LeRoy McGregor*, for Relators;

*C. H. Landefeld, Jr.*, for Respondents.

DAVIS, J.—The charter of the City of Hollywood provides that any member of the City Commission of that City may be recalled and removed from office by the electors of the City in the method by said city charter provided. See Article 14, Chapter 12877, Special Acts 1927.

On January 5, 1932, one George Young, acting under the recall provision of the charter of Hollywood, filed with the Hollywood city clerk an affidavit and petition for the removal of one W. L. Adams, one of the city commissioners. The city clerk thereupon delivered to said George Young certain petition blanks to be used as a basis for securing the necessary signatures which under the charter were required to be procured in order to invoke the calling of a recall election.

The city clerk advised Commissioner Adams that on

March 2, 1932, he would certify that the number of registered voters signing both the original petitions and the supplementary petitions were sufficient under the charter and that accordingly he would submit the alleged recall petitions, with his certificate thereon to the city commission of Hollywood at its next regular meeting, as a basis for ordering a recall election against the Commissioner complained of.

On February 27, 1932, the Commissioner filed his bill for an injunction, praying that a temporary restraining order be issued against the city clerk to restrain him from certifying the alleged recall petition to the City Commission, on the ground that the number of registered voters signing the petition were not sufficient. He also prayed for an injunction to restrain the city clerk from submitting the alleged recall petition, with his certificate thereon, to the City Commission of Hollywood as a predicate for a recall election. The Circuit Judge granted an injunction as prayed and the case is now before us on an application by citizens and taxpayers not parties to the injunction suit, for a writ of prohibition to restrain the Circuit Judge from further proceedings in the Chancery Cause and to nullify the injunction already granted on the ground that any injunction to restrain a recall election against complainant City Commissioner was beyond the Court's jurisdiction to issue.

So far as this proceeding is concerned, the principal question presented here is therefore whether or not a court of equity has jurisdiction to enjoin the calling and holding of a recall election as provided for by the municipal charter of Hollywood.

It is first contended that the complainant in the court below, who was the City Commissioner sought to be recalled, had no such equitable interest as would entitle him

as a complainant to injunctive relief to restrain the calling or holding of the recall election in controversy.

The charter provides that if a petition for recall be certified by the city clerk to have the requisite signatures of the specified number of registered voters of the City, that the city clerk shall submit said petition, with his certificate thereon, to the Commission at its next meeting, and shall notify the Commissioner, or Commissioners, whose recall is sought, of such action. The charter further provides that the Commission shall thereupon, within ten days of the receipt of the clerk's certificate, order an election to be held not later than fifteen nor more than thirty days thereafter. It will thus be seen that once the petition, properly certified to by the city clerk, is filed with the City Commission that the Commission has no alternative but to order the election which the statute requires to be held thereon.

This Court is committed to the doctrine that persons appointed or elected to public office have legal rights in the enjoyment of the tenure thereof, which will enable them to invoke appropriate judicial proceedings for their protection when such rights are shown to have been illegally infringed upon or attempted to be unlawfully taken away. See State ex rel. Hatton v. Joughin, 103 Fla. 877, 138 Sou. Rep. 392; State ex rel. Bridges v. Henry, 60 Fla. 246, 53 Sou. Rep. 742; State ex rel. Attorney General, vs. Johnson, 30 Fla. 433, 11 Sou. Rep. 845, 18 L. R. A. 410.

This Court is also committed to the doctrine that any and all appropriate judicial writs, including writs of injunction in proper cases, are available to electors and office holders to prevent violations of *statutes* enacted for the purpose of regulating and securing the expression of popular will in elections, when the remedy invoked is seasonably sought by the complaining party and no waiver or estoppel can be applied against him. See Mc-

Gregor v. Burnett, Tax Collector, opinion filed May 11, 1932, at the last term. For limitations on this rule see Joughin vs. Parks, Circuit Judge, opinion filed June 27, 1932.

In addition to this, the Hollywood city charter provides that the Commissioner, or Commissioners, whose recall is sought shall be notified of the attempted action for any proposed recall, which provision suggests the idea, that the purpose of the required notice was to enable such Commissioner, or Commissioners, to seasonably invoke any and all judicial remedies which might be available to him for the protection of his rights as an office holder under the law, before any recall election should be ordered against him.

A recall election is a special, extraordinary and unusual proceeding. The authority for any recall of an officer must rest upon a substantial compliance with the statutory provisions by which it is authorized. In this respect recall elections differ from ordinary elections, because the latter must be held at some designated time and place appointed by law, whereas recall elections can only be held when the statute providing therefor has been substantially complied with, and no unalterable time for holding same is ordinarily fixed by law therefor.

It has frequently been said that an injunction will not issue as a general rule for the purpose of restraining the holding of an election, or of directing or controlling the mode in which, or of determining the rules of law in pursuance of which, an election shall be held, and that an election is a political matter as to which courts of equity have, and should have, nothing to do. See Pomeroy's Equity Jurisprudence (4th Ed.) Sections 1753-1754.

But the reason usually given for this general holding that equity is without jurisdiction in election matters is that interference in election controversies might often re-

sult in the destruction of popular government, especially when the relief sought is to entirely prevent the holding of an election by the people and thereby to prevent the free expression of the popular will.

This impelling judicial tendency to leave unhampered our avenues of popular expression is no doubt of sufficient cogency to support the rule as applied to those general elections recurring at stated intervals and *required* by statute to be held at particular times and places. But the reason for the rule as applied to ordinary elections to select officers does not apply to those special and extraordinary elections to oust those already elected. Recall elections can only be held when the statutory authority therefor has been granted and substantially pursued. Interference with such unusual and extraordinary elections by injunction or otherwise, will have no other effect than to delay a particular recall effort until such time as the court is satisfied that the proceedings for the invocation of the desired recall are in sufficient compliance with the law to warrant the calling and holding of an election for that purpose.

It has been held that an officer against whom a recall petition is launched has a sufficient interest to entitle him to maintain an action in equity upon good cause to enjoin proceedings upon such recall; that although he cannot claim exemption from removal by recall, such officer has the right to demand that the proceedings therein do not substantially depart from the statutory mode prescribed, and to insist that the officers do not perpetrate a legal fraud upon him by acting upon an illegal petition. Baines vs. Zemansky, 176 Cal. 369, 168 Pac. 565.

We agree with the conclusion of the California court on this subject and hold that a bill in equity to restrain recall proceedings alleged to be attempted to be carried out without substantial compliance with the mode pre-

scribed, is an appropriate remedy to prevent the wrong and will· be available to the officer sought to be recalled if no other tribunal is authorized by law to' judicially determine the sufficiency of the recall proceedings.

This Court is committed to the doctrine that a public officer has a property right in his tenure of office and cannot be derived thereof without due process of law. See State ex rel. Hatton v. Joughin, 103 Fla. 877, 138 Sou. Rep. 392.

The absence of appropriate legal procedure for determining whether or not an officer is about to be deprived 'of his right to hold office without due process of law, is sufficient to give a court of equity jurisdiction in the premises to act for the protection of such right. City of Watts v. Superior Court of California, 36 Cal. App. 692, 173 Pac. 183.

The sufficiency of the charges for the recall of a public officer to cause the voters to require his removal is a political question to be determined by the people. But the illegality of the proceedings therefor, and whether those attempting to act against the officer have complied with the law, is a judicial question for determination by the courts. An action will therefore lie to' enjoin the holding of a recall election when the ground is that the provisions of the statute authorizing the election are not being complied with and no other plain, complete and adequate remedy at law exists for the protection of the rights of complainant. See Gibson v. Campbell, 136 Wash. 467, 241 Pac. 21; Leslie v. Griffin, (Texas Civ. App.), 23 S. W. (2nd) 535.

A public office is a public trust, but the incumbent has to some extent a recognizable property right in it which he holds, not subject to barter and sale, but for the benefit of that political society of which he is a member. Such

right is plainly subject to judicial protection, as we have heretofore held.

The right to hold an office and take its emoluments until deprived thereof, upon conditions subsequent, by due process of law, is a property right in a broad sense, and subject to judicial protection. State ex rel. Hatton v. Joughin, 138 Sou. Rep. 392, *supra;* State v. Wadham, 64 Minn. 318, 67 N. W. 64, Ekern v. McGovern, 154 Wis. 157, 142 N. W. 595; State ex rel. Shelby County v. Stewart, 147 Tenn. 375, 247 S. W. 984; Boyd v. Pendegast, 57 Cal. App. 504, 207 Pac. 713; Kreitz v. Behrenmeyer, 149 Ill. 496, 36 N. E. 983.

In this case it appears affirmatively that the Court has jurisdiction of the subject matter and persons. The only duty of the City Clerk is to certify on the recall petitions whether the same were signed by the required number of registered voters. He is invested with no judicial powers to determine the sufficiency of the recall petitions, nor do anything other than comply with the statute. Likewise, the City Commission is vested with no judicial power to determine the sufficiency of the recall petition, nor do anything other than accept the certificate of the city clerk as correct, and to order the recall election under the circumstances provided in the charter.

A Circuit Court in equity has power in an appropriate action to enjoin recall proceedings where they are alleged to have been pursued in substantial disregard of the statutory provisions authorizing the same and when it appears affirmatively that there is no other adequate remedy. City of Watts v. Superior Court of California, 36 Cal. App. 692, 173 Pac. 183; 46 C. J. 1005.

Recall proceedings are in derogation of the statutory tenure of office prescribed for the officer sought to be recalled. Statutory provisions regarding the same must be substantially pursued, or the proceedings will be held in-

valid and subject to being enjoined where there is no other adequate remedy and the defects are taken advantage of by appropriate procedure in equity in advance of the holding of the election. After the holding of an election, however, many matters which would otherwise be grounds for objection with regard to it, will be deemed waived where they are not essentially of jurisdictional character, or such serious import as to destroy the validity of the election as a whole. See McGregor v. Burnett, Tax Collector, decided at the last term, opinion filed May 11, 1932.

In disposing of this case it is not inappropriate to say that we express no opinion upon the sufficiency of the bill of complaint to state a sufficient cause for the award of the relief sought. As a matter of substance and pleading, that is a question for the Court below to first decide. The sufficiency of the bill may be questioned by demurrer, but that proposition is one which we cannot pass upon in a proceeding in prohibition, except under those very unusual circumstances where prohibition will lie because the remedy by appeal is not plain, complete and adequate. See State ex rel. Meredith v. Board of Trustees of Salvation Army, 102 Fla. 219, 135 Sou. Rep. 781.

It follows from what we have said that the demurrer of the respondent Circuit Judge to the rule *nisi* in prohibition must be sustained and the proceeding dismissed.

Dismissed.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.