47 So.2d 525 (1950)
GAY, State Comptroller,
v.
OGILVIE, Judge.
Supreme Court of Florida, Division B.
July 28, 1950.
Richard W. Ervin, Attorney General, and Fred M. Burns, Assistant Attorney General, for petitioner.
Jennings, Watts, Clarke & Hamilton, Jacksonville, for respondent.
SEBRING, Justice.
The petitioner seeks to prohibit the respondent Circuit Judge of Duval County from proceeding further in a suit for declaratory judgment and other relief instituted by the Jacksonville Symphony Association against the State Comptroller.
The suit was brought to obtain a judicial interpretation of certain provisions of the Florida Revenue Act of 1949, F.S.A. § 212.01 et seq., under which the Comptroller has collected taxes on tickets for admissions to concerts given by the Association, to secure a determination that such transactions are exempt from the payment of taxes, and to require the Comptroller to refund moneys which have been heretofore paid by the Association to the Comptroller. After the bill of complaint was filed the Comptroller served and filed his motion to dismiss the bill, the substance of the grounds of the motion being that inasmuch as the suit was against a state officer *526 whose official residence was at Tallahassee, Leon County, Florida, the suit was maintainable only in Leon County. The motion to dismiss the bill was denied and the Comptroller was ordered to answer. Thereupon, the Comptroller filed his suggestion in this Court, seeking prohibition on the same grounds as were urged in the motion to dismiss the bill in the court below. The question for decision is whether the suggestion filed in this Court makes out a case entitling the comptroller to a writ of prohibition.
It is settled in this jurisdiction that the question whether a state agency must be sued in the county where the seat of government is located or may be sued in another county is a question of venue and not of jurisdiction over the subject matter of the litigation. See Smith v. Williams, 160 Fla. 580, 35 So.2d 844. As is made plain by the foregoing case, there are two types or classes of cases where rules and regulations promulgated by state agencies  and let us now add, where official action taken by state agencies under existing statutes  may be brought into question in suits properly instituted for such purposes. The first is the type or class in which the primary purpose of the litigation is to obtain a judicial interpretation or declaration of a party's rights, duties or status under such rules and regulations or official action taken, where no unlawful invasion of a lawful right secured to the plaintiff by the Constitution or laws of the jurisdiction is directly threatened in the county where the suit is instituted. The second is the type or class in which the primary purpose is to obtain direct judicial protection from an alleged unlawful invasion of the constitutional rights of the plaintiff within the county where the suit is instituted, because of the enforcement or threatened enforcement by a state agency of a statute, rule or regulation alleged to be unconstitutional as to the plaintiff, and where the validity or invalidity of the statute, rule or regulation sought to be enforced comes into question only secondarily and incidentally to the main issue involved.
With respect to the first type or class the legislature has the undoubted power to designate the headquarters of such state agency as the venue where suits shall be laid. When the legislature has thus acted the venue for suits of such nature will be in the county directed by such legislative designation; the action of the legislature in this respect amounting to a legislative fixing of the residence of such governmental agency for the purpose of suit. If, after the venue has been thus fixed, a suit involving primarily the interpretation of a statute, rule or regulation of such state agency is instituted in a county other than that designated by the legislature, "the state agency affected has full means for requiring such suit to be brought in the county of its headquarters by filing timely objections in the pending cause and claiming the privilege of being sued in the forum designated by the legislature; or the state agency may waive such privilege by contesting the merits, thereby submitting itself to the jurisdiction of the court in which the suit has been instituted. Through either procedure exercised in the manner indicated, the state agency has adequate authority to control the venue of actions brought primarily for the purpose of securing a construction of such [statute] rules and regulations, where the unlawful invasion of the fundamental rights of the plaintiff within the county of suit is not directly involved." Smith v. Williams, supra [35 So.2d 848].
The Comptroller has raised the issue of his right to be sued in Leon County, by a motion to dismiss the bill of complaint in the court below. Under the Florida Equity Rules which became effective on January 1, 1950 a motion to dismiss a bill of complaint is available for this purpose. See Rule 33(b) (3), 31 F.S.A.
The fact that the motion to dismiss the bill has been denied, does not make available to the Comptroller the remedy of prohibition to prohibit the Circuit Court from taking further action in the cause. The issue raised by the motion to dismiss being one properly involving only venue and not jurisdiction to proceed in the cause, prohibition will not lie to review the adverse order. For the ruling on the motion is a ruling arising during the progress of a cause of which the Circuit Court of *527 Duval County has jurisdiction, which may be reviewed only by interlocutory certiorari or by an appeal from a final decree rendered against the complaining party. See 30 F.S.A.Supreme Court Rule 34, 30 F.S.A.; Florida Equity Rule 33, 31 F.S.A.; State v. Hocker, 33 Fla. 283, 14 So. 586; State ex rel. Rheinauer v. Malone, 40 Fla. 129, 23 So. 575; Crill v. State Road Department, 96 Fla. 110, 117 So. 795; Curtis v. Albritton, 101 Fla. 853, 132 So. 677; State ex rel. Meredith v. Board of Trustees of Salvation Army, 102 Fla. 219, 135 So. 781.
It follows that the suggestion for writ of prohibition should be dismissed.
It is so ordered.
ADAMS, C.J., and CHAPMAN and HOBSON, JJ., concur.