The **STATE** of Missouri, ex rel. A. V. KUG-
LER, Estalene Kugler, S. Lunsford, Fran-
ces Lunsford, Carl Mohr, Louise Mohr, J.
H. B. Mohr, Virgil Mohr, Rudolph Deitrich,
Della Deitrich, Price Doctorman and Flor-
ence Doctorman, Relators-Respondents,

v.

W. M. **TILLATSON**, W. E. Shannon, John
Adams, Maenard Egbert, Weldon Tague
and Hubert Deitrich, as Members of the
Board of Education of Reorganized School
District No. 3 of Scotland County, Mis-
souri, Respondents-Appellants.

No. 29864.

St. Louis Court of Appeals.

Missouri.

July 2, 1957.

Motion for Rehearing or to Transfer to
Supreme Court Denied Aug. 28, 1957.

Jayne & Jayne, Kirksville, for appellants.

L. F. Cottey, Lancaster, J. B. Smoot, Memphis, for respondents.

WOLFE, Commissioner.

This is an action in mandamus brought to compel the directors of the Reorganized School District No. 3 of Scotland County to submit at the annual school election a proposition to change the boundaries of the district. The trial resulted in the court ordering the directors to submit such proposition at the annual election and the directors appealed. The appeal was taken to the Supreme Court and that court, finding it was without jurisdiction, transferred the cause to this court.

The relators all live in an area of about one and one half square miles located in Reorganized School District No. 3 of Scotland County, Missouri. This area borders on the Wyaconda School District of Clark County, which directly adjoins the Scotland County district. In the area there are 7 children of school age. The Scotland County district contains about 50 square miles and has an approximate population of 165 school age children. The relators desire to have the place in which they live removed from the Scotland County district and embraced within the Clark County district. To this end they petitioned both districts to submit a change in boundaries which, if favorably voted upon, would have removed the territory in which they live, from Reorganized School District No. 3 of Scotland County and would have placed it in the Wyaconda district of Clark County.

The Wyaconda district submitted the proposal to a vote but the directors of the Scotland County district refused to submit the proposition and the relators sought the writ here in question. In their return to the order to show cause as directed by the alternative writ that was issued, the directors stated that the petition for the election was not sufficient in form or substance and that it lacked the required number of signatures.

The procedure for a change of boundary in "six director" school districts, which is the class of district here involved, is set forth in Section 165.294 RSMo 1949, V.A. M.S. This provides in part that an election on the proposed change shall be had upon the petition of ten qualified voters and taxpayers of the area proposed to be changed.

There appears to be no dispute as to the facts of the case. The petition filed with the clerk of Reorganized School District No. 3 of Scotland County was addressed to the clerk of the board and it requested a vote on the change in the Wyaconda School District, but it properly described the lands to be taken from Reorganized School District No. 3 by the proposed change. There were twelve names affixed to the petition. Nine of these were the signatures of taxpayers and residents of the district. The other three whose names appeared upon it had not signed the petition themselves but had directed that their wives sign it for them.

The petition was served upon W. E. Shannon, the clerk of the board, on March 8, 1956. After receipt of the petition Shannon had prepared the printed notices which stated that a proposition to change the boundary of Reorganized School District No. 3 would be submitted to the voters at the annual school election on April 3, 1956. This was on one half of a card designed for posting and the other half gave notice of the regular school election. These notices were posted on March 17. A like notice was published on March 15 in a weekly newspaper. On March 19 there was a meeting of the board and by motion it disapproved the action of the clerk because of the insufficiency of the petition. Shannon testified that at the time of the meeting he determined that three of the signatures on the petition were not genuine. The motion passed by the board directed that all notices of an election on the proposition be recalled. This was done by withdrawing from further

publication the notice in the newspaper and by painting out that portion of the posters that related to the change in the boundary. Relators then brought this action in mandamus and on the facts as stated the court on March 30, 1956, directed the board to submit the proposition of a change of boundary to the voters in the district on April 3, 1956.

■ A question is raised as to whether or not mandamus will lie to compel the school board to hold an election. The writ will not lie to control the exercise of a discretionary power on the part of one charged with calling the election. Mansur v. Morris, 355 Mo. 424, 196 S.W.2d 287; State ex rel. Hagerman v. Drabelle, Mo., 191 S.W. 691; State ex rel. Crow v. Carothers, 204 Mo.App. 209, 222 S.W. 1043. It will, however, issue to command the performance of duties where the discretionary power is exercised with manifest injustice. State ex rel. Kelleher v. Board of President and Directors of St. Louis Public Schools, 134 Mo. 296, 35 S.W. 617; State ex rel. Hagerman v. Drabelle, supra. The statute under which the relators proceeded, Section 165.-294 RSMo 1949, V.A.M.S., states that when a proper petition is filed the board "shall post a notice" of an election respecting the desired change. This leaves no discretion to the board as to whether or not an election will be held when it has been properly petitioned to hold one. Despite this, there remains in the board the duty to determine the sufficiency of the petition. In the absence of any provisions of law to the contrary, the duty of determining whether a petition presented is in accordance with the law falls upon the officers to whom it is presented and who are charged with the duty to call the election. 18 Am.Jur., Elections, § 102, p. 244. The reason for this is quite obvious, for if those charged with calling the election were obliged to do so upon receipt of any petition for that purpose, costly elections could be held without compliance with the statute relating to their call. Elections cannot be held except by authority of law. State ex inf. Rice ex rel.

Allman v. Hawk, 360 Mo. 490, 228 S.W.2d 735; State ex inf. Mooney ex rel. Stewart v. Consolidated School Dist. No. 3, Mo. App., 281 S.W.2d 511. It was therefore the duty of the board to satisfy itself that the petition sufficiently complied with the statute and if it did not the board should not have called the election and their action in refusing to do so was proper.

Respondents here, who were the relators below, maintain that since the names of the three who did not personally sign the petition were affixed with their knowledge and consent, those names constitute valid signatures of the persons so consenting. Section 165.294, without mention of signatures, states, "ten qualified voters who are taxpayers in any district affected may petition the district boards of directors in the districts affected for a change in boundaries." However, Chapter 165, which deals generally with the organization of districts, has eight other sections wherein it is provided that a vote of a district may be initiated by petition and in each of these sections it is provided that the petition should be "signed by" qualified voters of such district. "Signed by" should be given its ordinary meaning, which is that the voter should affix his signature himself. It appears that the petition required in Section 165.294, which is no different in effect from the others in the chapter, should also be signed by the voters themselves and that the legislature so intended.

■■ We are mindful of the rule that one may obligate himself by ratifying a signature made for him by another (80 C.J.S. Signatures, § 6, p. 1291), but the signatures required here carry no obligation. If it was not the rule that the taxpayer himself should sign, the sufficiency of the petition could not be determined by checking the signatures and it would be necessary to investigate by what authority names were affixed when it appeared that signatures upon the petition were not those of voters and taxpayers. It will readily be seen that this

would place a burden upon the board which would be neither desirable nor in contemplation of the statute.

Since the petition was deficient in that it lacked the required number of signatures, we need not consider the other defects of which complaint is made.

For the reasons stated, the court erred in directing the board to do that which it properly refused to do, and it is the recommendation of the Commissioner that the judgment be reversed.

PER CURIAM.

The foregoing opinion of WOLFE, C., is adopted as the opinion of the court.

The judgment of the circuit court is accordingly reversed.

RUDDY, P. J., and ANDERSON and MATTHES, JJ., concur.