WIGGINTON, Judge.
This appeal is before us from an order denying injunctive relief to appellants and finding that certain stipulated invalid petitions did not affect the validity of the remaining petitions for recall. We affirm in part but remand for further proceedings.
On June 12,1985, recall petitions seeking to recall appellants were served upon them. Upon receipt, appellants filed a petition asking the court to declare that the recall petitions violated section 100.361(l)(c), since the circulator affidavits required to be attached to the petitions were executed by a person other than the person who circulated the petitions. Final hearing was held on June 19, 1985, wherein the parties offered into evidence joint exhibits one, two and three consisting of copies of the circulator affidavits that form the basis of appellants’ argument that the petitions are invalid. At the hearing, appellee stipulated that the three circulator affidavits failed to comply with or meet the requirements of section 100.361(l)(c). This joint exhibit along with the stipulation provided the only evidence presented to the court. Counsel for the respective parties presented arguments to the court concerning their positions and each party submitted a memorandum to the court for consideration. After receipt of *622 the memoranda, the court entered its order denying appellants’ request to enjoin the recall proceedings adjudging inter alia:
[T]he Court finds that the invalid petitions are severable from the valid petitions and the invalidity of the petitions for recall, joint exhibits # 1, 2, and 3, should not affect the validity of the remaining petitions for recall and counterparts thereto and that the same are hereby deemed valid ...
.It is appellants’ position that the exhibits and stipulation before the trial court clearly established that the circulator affidavits were in violation of section 100.361(l)(c), since they were not signed by the actual circulator and, not being divisible, the recall petition should be declared invalid, making this a proper case for injunctive relief. State ex rel. Landis v. Tedder, 106 Fla. 140, 143 So. 148 (1932).
Appellees admit that the three pages of the recall petitions violate that statute and should be stricken. Yet, each recall petition should not be invalidated in its entirety and since the petitions relating to both appellants contain more than the necessary statutory percentage of registered voters’ signatures as required by section 100.-361(l)(a)(3), the remainder of the petition should be held valid. Relying upon Title & Trust Company of Florida v. Parker, 468 So.2d 520 (Fla. 1st DCA 1985), appellees assert that the general rule of construction is that if a portion of the document is illegal and if the illegal portion is eliminated, leaving a valid, viable instrument, the instrument will be allowed to stand.
A careful reading of section 100.361 reveals that the validity of a recall petition depends on the allegations of the ground(s) for removal, section 100.361(l)(b), and the “required signatures,” section 100.361(l)(e) and (f). Also, the petition is composed of "counterparts,” each containing lines for signatures and an affidavit to be executed by the circulator. Section 100.361(l)(c). In that the emphasis is placed on the number of valid signatures, 100.361(l)(d), we conclude that, once invalid signatures are discarded, e.g., those contained in the invalid counterparts herein, the remaining counterparts could still contain the requisite number of signatures. Such might be the case herein. Noting appellants’ reliance on Landis, we find the supreme court therein called only for substantial compliance with the statutory mandate. At least substantial compliance has been demonstrated here and we affirm the trial court on this point.
Appellants next argue that there was no evidence presented to the court that supports the court’s finding in its order that there were sufficient signatures beyond those contained in the valid petitions and that those figures were presented only in the argument by appellees’ counsel. Appellants would have us enjoin the recall effort since the trial court’s order finding that there were sufficient signatures was without evidentiary basis.
A review of the record, transcript and memorandum from the parties reveals only the three circulator affidavits that were stipulated to by the parties as being in violation of section 100.361(l)(c), Florida Statutes, along with argument of counsel relating to the number of signatures on other circulator affidavits which were not presented or received into evidence.
We agree with appellants that the trial court improperly considered the statements of appellees’ attorney concerning the number of remaining signatures. Although appellants made no initial objection, they did object to the use of the “evidence” of remaining valid signatures in their mem-oranda. We reverse on this point but due to our affirmance of the initial issue, we do not require entry of an injunction at this point in the case but remand the cause to the trial court for taking further evidence concerning the number of certified valid signatures and to hold further proceedings consistent with this opinion.
BOOTH, C.J., and SHIVERS, J., concur.