PARKER, Judge.
Appellant Brenda Jividen, the city clerk for the City of St. Petersburg, appeals a final judgment in which the trial court held that a city clerk has no authority to determine the legal sufficiency of municipal recall petitions. We affirm.
The sole issue in this appeal is whether the clerk of a city council has the authority to determine the legal sufficiency of recall petitions before transmitting the petitions to the supervisor of elections. The trial court, in entering the final judgment, observed:
The duties of Jividen, as Clerk, are ministerial only and she has no power or authority to determine the sufficiency of a document which purports to be a recall petition made pursuant to Section 100.-361 F.S. The authority to make such a determination is reserved solely to the Courts upon the application of an interested party. Neither Jividen nor the City of St. Petersburg is.such a party. State ex rel Landis v. Tedder, [106 Fla. 140, 143 So. 148 (1932)].
The procedure for a municipal recall is contained in section 100.361, Florida Statutes (1987). A petition for recall must name the person sought to be recalled and include a statement of the grounds for recall in not more than 200 words. § 100.361(l)(a), Fla.Stat. (1987). The grounds for removal are limited to seven specific enumerated reasons. § 100.361(l)(b), Fla.Stat. (1987). The number of registered electors in the municipality determines the number of electors necessary to sign the recall petition. § 100.361(l)(a)l-6, Fla.Stat. (1987).
The following statutory provision directs the next step in the procedure:
The petition shall be filed with the city auditor or clerk, or his equivalent, by the person designated as chairman of the [recall] committee, and, when the petition is filed, the city auditor or clerk, or his equivalent, shall submit such petition to the county supervisor of elections who shall, within a period of not more than 30 days, determine whether the petition contains the required valid signatures....
§ 100.361(l)(c), Fla.Stat. (1987). If the petition does not contain the required signatures, the clerk certifies that fact to the governing body and files the petition without taking further action. § 100.361(l)(e), Fla.Stat. (1987). If the petition does contain the required signatures, the clerk serves the petition upon the official to whom the recall effort is directed. § 100.361(l)(f), Fla.Stat. (1987). That official is permitted to file a defensive statement. § 100.361(l)(f), Fla.Stat. (1987). The clerk then prepares counterparts of the recall petition with the statement of grounds for recall and defensive statements thereto and delivers them to the chairman of the recall committee. § 100.361(l)(f), Fla.Stat. (1987). Thereafter, the committee may circulate the counterparts to obtain the signatures of fifteen percent of the electors on the counterparts. § 100.361(l)(g), Fla.Stat. (1987). After these counterparts are filed with the city clerk, the clerk submits the counter *1278 parts to the supervisor of elections. § 100.361(l)(h), Fla.Stat. (1987) If the supervisor of elections’ final review reflects the counterparts contain at least fifteen percent of the qualified electors, the chief judge of the circuit shall fix a day for holding a recall election. §§ 100.361(l)(i) and (2), Fla.Stat. (1987).
In this case, Jividen never forwarded the petitions to the supervisor of elections, because one of the challenged city council-members in the recall effort filed suit to enjoin Jividen and others from progressing further in the process. Jividen then filed a counterclaim and cross-claim, seeking a declaratory judgment regarding her rights and responsibilities under the statute.
A review of the procedure to be utilized under the municipal recall statute reflects that the legislature did not direct the city clerk, the supervisor of elections, or the chief judge of the circuit to determine the legal sufficiency of these petitions. Therefore, absent statutory authority, should the city clerk be vested, as a matter of public policy, with that function?
Legal encyclopedias have answered this inquiry, stating that when a statute fails to authorize an official to determine the legal sufficiency of a petition, the official to whom the petition is presented or the official charged with the duty of calling the election has the responsibility to determine whether the petition is in accordance with the law. 26 Am.Jur.2d Elections § 192 (1966); 29 C.J.S. Elections § 69 (1965). This issue was presented in the case of State ex rel. Kugler v. Tillatson, 304 S.W. 2d 485 (Mo.Ct.App.1957), transferred, 312 S.W.2d 753 (Mo.1958). Tillatson involved a mandamus action to compel a school board to call an election regarding a proposition to change school boundaries when the board refused to schedule the election, because it determined that the petition was insufficient. In ruling, the court stated:
The statute under which the relators proceeded, Section 165.-294 RSMo 1949, V.A.M.S., states that when a proper petition is filed the board “shall post a notice” of an election respecting the desired change. This leaves no discretion to the board as to whether or not an election will be held when it has been properly petitioned to hold one. Despite this, there remains in the board the duty to determine the sufficiency of the petition. In the absence of any provisions of law to the contrary, the duty of determining whether a petition presented is in accordance with the law falls upon the officers to whom it is presented and who are charged with the duty to call the election. 18 AmJur., Elections, § 102, p. 244. The reason for this is quite obvious, for if those charged with calling the election were obliged to do so upon receipt of any petition for that purpose, costly elections could be held without compliance with the statute relating to their call. Elections cannot be held except by authority of law. State ex inf. Rice ex rel. Allman v. Hawk, 360 Mo. 490, 228 S.W.2d 785; State ex inf. Mooney ex rel. Stewart v. Consolidated School Dist. No. 3, Mo.App., 281 S.W.2d 511. It was therefore the duty of the board to satisfy itself that the petition sufficiently complied with the statute and if it did not the board should not have called the election and their action in refusing to do so was proper.
Tillatson, 304 S.W.2d at 487. This case was transferred to the Missouri Supreme Court which heard the matter en banc as an original appeal. State ex rel. Kugler v. Tillatson, 312 S.W.2d 753 (Mo.1958) (en banc). The supreme court held that the board did have discretionary authority to determine the validity of the petition; however, the board abused that discretion when it acted without conducting an “investigation of the facts upon which such a determination could intelligently be made.” Tillatson, 312 S.W.2d at 756-57.
The reasoning in Tillatson that costly elections should not be held without any official determining the legal sufficiency of the recall petition has merit. We note that there is a void in the Florida statute which could permit a recall election to proceed with no official charged by law with determining the petition’s legal sufficiency. However, it is the function of the legisla *1279 ture, not the courts, to correct such shortcomings in the statute.
An early decision of the Florida Supreme Court limits the duty of a city clerk regarding recall petitions. State ex rel. Landis v. Tedder, 106 Fla. 140, 143 So. 148 (1932). The Tedder case involved a city charter provision for recall; however, the court’s language in that case is instructive to the resolution of the issue in this appeal. The court stated:
The only duty of the city clerk is to certify on the recall petitions whether the same were signed by the required number of registered voters. He is invested with no judicial powers to determine the sufficiency of the recall petitions, nor do anything other than comply with the statute.
Tedder, 143 So. at 150.
Recognizing that this opinion may require a city official sought to be recalled to file a court action to test the legal sufficiency of the recall petition, we still must agree with the trial court that the city clerk’s function is ministerial only. Any change in the recall procedure must rest with the legislature.
Affirmed.
FRANK, A.C.J., and HALL, J., concur.