Mr. Charles C. Chillingworth Pal-Mar Water Control District 2090 Palm Beach Lakes Boulevard Suite 800 West Palm Beach, Florida 33409-6523
Dear Mr. Chillingworth:
You ask substantially the following question:
May the landowners of a water control district, established and existing under Ch. 298, F.S., establish procedures for the recall of a supervisor of the water control district?
In sum, I am of the opinion:
In the absence of a statute authorizing the recall of a supervisor of a water control district, the landowners of such a district are not authorized to establish procedures for the recall of a supervisor.
You state that three supervisors of the Pal-Mar Water Control District are elected by the landowners pursuant to Ch. 298, F.S. Section 298.11, F.S., provides that the district landowners (including the Department of Environmental Regulation on behalf of the State of Florida if the state owns land in the district) shall elect a board of three supervisors who shall be owners[1] of land in the district and residents of the county or counties in which the district is located.[2]
As the terms of the supervisors are staggered, landowners meet annually to elect a supervisor in the same manner as provided in s. 298.11, F.S., for a term of three years or until a successor is elected and qualified.[3] If the landowners fail to elect a supervisor, the Department of Environmental Regulation appoints the supervisor.[4]
In the case of a vacancy in the office of a supervisor elected by the landowners, the remaining supervisors, or if they fail to act within 30 days, the Department of Environmental Regulation (department), may fill such vacancy until the next annual meeting of the landowners, when a successor shall be elected for the unexpired term.[5] A vacancy occurring in the office of a supervisor appointed by the department, however, is filled by the department.[6]
Section 298.11(4), F.S., provides that any supervisor appointed by the department may be removed by the department for dishonesty, incompetency or failure to perform the duties imposed upon him by Ch. 298, F.S. There is no comparable provision in Ch. 298, however, for the removal of elected supervisors by the landowners.
You refer to the decision in Ellison v. Galt,[7] in which the district court held that the provisions of s. 100.361, F.S., relating to the recall of members of the governing body of a municipality or charter county, did not apply to the governing officials of a drainage district established pursuant to Ch. 298, F.S. As the court stated in approving the trial court's order:
The Legislative intent is clear and unequivicable (sic) and there is no indication from an examination of [s. 100.361, F.S.] that the Legislature intended that the recall provisions of this particular Section shall apply to the recall of Drainage District Commissioners.[8]
The court held that while appellants have a right to seek redress of their grievances against public officials, "we do not agree that they have a right to the specific remedy of recall."[9] The court agreed with the trial court's order finding, as a matter of law, that the district had not adopted recall provisions and further that Ch. 298, F.S., did not contain recall provisions for the drainage district supervisors or commissioners.
Unlike counties and municipalities which have been granted home rule powers, water control districts possess no inherent or home rule powers. Created by statute for a specific limited purpose, such districts may exercise only those powers and authority as have been granted by law.[10]
Chapter 298, F.S., merely authorizes the landowners to elect the supervisors of a water control district as set forth therein. It does not provide for, or otherwise authorize, the landowners to recall or adopt procedures for the recall of such supervisors. Moreover, as The Supreme Court of Florida stated in State ex rel. Landis v. Tedder,[11] in considering the authority of a municipality to recall municipal officers prior to the adoption of home rule powers for municipalities, "[r]ecall proceedings are in derogation of the statutory tenure of office prescribed for the officer sought to be recalled."[12] Thus, recall elections can only be held "when the statutory authority therefor has been granted and substantially pursued."[13]
Accordingly, in the absence of a statutory provision authorizing the landowners of a water control district to recall or to adopt provisions for the recall of a district supervisor, I am of the opinion that the landowners are not authorized to recall, or to adopt procedures for the recall of, a supervisor.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, s. 298.005, F.S., defining "owner."
[2] See, s. 298.11(1), F.S. And see, s. 298.11(2) and (3), F.S., providing for the method of election.
[3] Section 298.12, F.S.
[4] Id.
[5] Id.
[6] Section 298.11(4), F.S.
[7] 435 So.2d 407 (4 D.C.A. Fla., 1983).
[8] Id. at 408.
[9] Id. at 407-408.
[10] See, e.g., AGO 81-17. And see, Forbes Pioneer Boat Line v. Board of Commissioners of Everglades Drainage District, 82 So. 346
(Fla. 1919).
[11] 143 So. 148 (Fla. 1932).
[12] Id. at 150.
[13] Id. at 149.